CHASEZ, Judge
(dissenting).
I am constrained, for the reasons set forth in the opinion originally rendered by this Court, to dissent from the majority view on rehearing.
The plaintiff-appellant in this action is not a malingerer. His testimony and the testimony of Dr. Accardo very clearly set forth that he still suffers pain as a result of the injury sustained by him as an employee of the defendants-appellees, and, at least, until the time of the trial of this lawsuit, was unable to work.
The record indicates that the injury occurred on February 2, 1961; that after having been treated by the doctors of his employer and being discharged from therapy treatment in Del Rio, Texas, he returned to New Orleans and was examined by Dr. Nick J. Accardo, a doctor of his selection who specializes in orthopedic surgery, during the month of July 1961. Suit was filed in this matter on August 29, 1961.
There is no doubt about the conflict of testimony between the experts in this matter. The doctors of defendants-appellees apparently treated the plaintiff-appellant for tenosynovitis from which they believe the patient has recovered. Dr. Accardo states that the plaintiff-appellant was suffering from an osteolythic lesion on the carpal scaphoid bone (another term being osteoid osteoma) from which he has not recovered. Dr. Teitelbaum disagrees with the findings of Dr. Accardo and states that X-rays disclose the plaintiff-appellant has a pseudocyst, a common lesion having no clinical significance that produces no symptoms and does not bring about disability or pain.
Since the plaintiff-appellant, Martin Mc-Nutt, Jr., still has pain, it would appear that the diagnosis of a pseudocyst would be erroneous and that he is still suffering from the tenosynovitis or from the osteo-lythic lesion.
It does not matter what causes his pain. As stated by the Courts:
“ * * * The mere fact that a compensation claimant is unable to specifically identify or indicate the type of injury he has sustained does not preclude a recovery of compensation. The test is disability vel non and not the nature of the injury.” Johnson v. Atlantic and Gulf Stevedores, 102 So.2d 518 at page 520, and the decisions therein cited.
I deem it unnecessary to quote decisions of the Court to the effect that where the medical evidence is in conflict the testimony of a claimant and lay testimony should be accorded great weight.
The only evidence produced by defendants-appellees in this matter is the evidence of their doctors, which is contrary to the medical evidence of plaintiff-appellant.
The original decree rendered herein should be reinstated.